# IN THE COURT OF APPEALS OF IOWA

No. 17-0767
Filed January 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD KENT GRAW,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

        Defendant appeals his convictions and sentences for second-degree burglary, stalking, and tampering with a witness. **AFFIRMED.**

        C. Aron Vaughn of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Richard Graw appeals his convictions and sentences for second-degree burglary, stalking while subject to a protective order, and tampering with a witness. We find the district court did not abuse its discretion by determining Graw should serve consecutive prison sentences. We affirm Graw's convictions and sentences.

## I. Background Facts & Proceedings

According to the minutes of testimony, Graw's former girlfriend, Tara, obtained a no-contact order against him. Graw continued to contact Tara and threatened her. One night, while Tara was staying with her sister, Rita, Graw broke into Rita's home and yelled at Tara. Graw pushed Tara's mother, Jolene, out of the way, injuring her, as he ran out of the home. Graw was charged with first-degree burglary, being a prohibited person in possession of ammunition, stalking while subject to a protective order, and assault causing bodily injury.

After Graw was released from jail, he sent a text message to Tara stating, "U are going to get what you have coming . . . ." Tara perceived the message as a threat. Graw was additionally charged with tampering with a witness.

Graw entered into a plea agreement in which he agreed to plead guilty to burglary in the second degree, in violation of Iowa Code section 713.5 (2016), a class "C" felony; stalking while subject to a protective order, in violation of section 708.11(3)(b)(1), a class "D" felony; and tampering with a witness, in violation of section 720.4, an aggravated misdemeanor. In exchange, the State agreed to dismiss the other charges against him. The district court accepted Graw's guilty plea.

At the sentencing hearing, the State recommended Graw be sentenced to prison terms of ten years, five years, and two years, to be served consecutively, noting the case involved three separate crimes. Graw asked to receive suspended sentences and to be placed on probation. The presentence investigation report recommended Graw be sent to prison. Graw's criminal history showed he had three previous convictions for operating while intoxicated, a conviction for third-degree burglary, and a conviction for possession of a controlled substance. He had been placed on probation for these offenses. Graw was forty-six years old, was unemployed, and has a history of substance abuse.

The district court considered all of these factors. The court specifically noted Graw's lack of remorse and his failure to obey court orders. The court sentenced Graw to a term of imprisonment not to exceed ten years on the charge of second-degree burglary, five years on the charge of stalking, and two years on the charge of tampering with a witness, to be served consecutively. The court stated Graw was "an individual who simply will not accept responsibility and will not—will not make any effort—any noticeable effort, and detectable effort to change his conduct." The court found the case involved different violations and different victims. Graw appeals his convictions and sentence.

## II.     Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats,* 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on

untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

### III.    Sentencing

Graw claims the district court abused its discretion by sentencing him to prison and by making his sentences run consecutively. He states the court should have suspended his sentences and placed him on probation. Graw points out he previously completed probation without having his probation revoked. He claims he primarily needs treatment for substance abuse and he could participate in a program while at a residential facility.

We find the district court did not abuse its discretion by determining Graw should serve consecutive prison sentences. Graw committed three separate offenses, which occurred over several months. His offenses involved three victims—Tara, Rita, and Jolene. Graw showed a repeated disregard for the no-contact order. Furthermore, he failed to accept responsibility for his actions and showed a lack of remorse. The court gave adequate reasons for sentencing Graw to prison and running the sentences consecutive.

We affirm the decision of the district court.

**AFFIRMED.**